ACCEPTED
14-15-00998-cv
FOURTEENTH COURT OF APPEALS
HOUSTON, TEXAS
12/15/2015 11:43:38 AM
CHRISTOPHER PRINE
CLERK

# FOURTEENTH COURT OF APPEALS
## CIVIL APPEAL MEDIATION DOCKETING STATEMENT

FILED IN
14TH COURT OF APPEALS
HOUSTON, TEXAS
12/15/2015 11:43:38 AM
CHRISTOPHER A. PRINE
Clerk

### RETURN WITHIN 15 DAYS TO:

### CLERK, FOURTEENTH COURT OF APPEALS;
### 301 FANNIN, ROOM 245; HOUSTON, TEXAS 77002

***For Civil Appeals, see Section V for information about the Pro Bono Program sponsored and administered by the Pro Bono Committees of the Appellate Practice Sections of the State Bar of Texas and the Houston Bar Association.**

## I.    General Information:

| | |
|---|---|
| Appellant(s): | Appellate Cause No.: |
| **Betzler Investments, LLC** | **14-15-00998-CV** |
| Appellee(s): | Trial Ct. Cause No.: |
| **Lindstrom Cleaning & Construction, Inc.** | **10-CV-0990-A** |
| **Quality Trusted Commercial Construction & Roofing, Inc.** | County: |
| | **Galveston** |
| Other: | Trial Court: |
| | **122nd Judicial District Court** |

## II.    Timetable:

Appeal stayed by bankruptcy.   Date bankruptcy filed:   **No**

List:   name of bankruptcy court:

bankruptcy case number:

style of bankruptcy filing:

082995\004\4277623.v1

## III. Jurisdiction:

| Will you challenge this court's jurisdiction? | No ☑ | Yes ☐ |
|---|---|---|

## IV. Indigency Of Party (TRAP 32.1(k)): (Attach file-stamped copy of affidavit)

| Event | Filed<br>Check as appropriate | | Date | N/A |
|---|---|---|---|---|
| Affidavit filed | No ☑ | Yes ☐ | | |
| Contest filed | No ☐ | Yes ☐ | | |
| Date ruling on contest due: | | | | |
| Ruling on contest:<br>Sustained ☐<br>Overruled ☐ | | | | |

## V. Pro Bono Pilot Program:

The Pro Bono Committees of the Appellate Practice Sections of the State Bar of Texas and the Houston Bar Association are participating in a Pro Bono Program to place a limited number of civil appeals with appellate counsel who will represent the appellant/appellee in the appeal before the Fourteenth Court of Appeals.

The Pro Bono Committee is solely responsible for screening and selecting the civil cases for inclusion in the Pilot Program based upon a number of discretionary criteria, including the financial means of the appellee. If a case is selected by the Committee, and can be matched with appellate counsel, that counsel will take over representation of the appellee without charging legal fees. More information regarding this program can be found in the *Pro Bono Pilot Program Pamphlet* available in paper form at the Clerk's Office or on the Internet at http://www.tex-app.org and http://www.hba.org/folder-sections/sec-appellate.htm. If your case is selected and matched with a volunteer lawyer, you will receive a letter from the Pro Bono Pilot Committee within thirty (30) to forty-five (45) days after submitting this Docketing

Statement.

**NOTE: There is no guarantee that, if you submit your case for possible inclusion in the Pro Bono Program, the Pro Bono Committee will select your case and that pro bono counsel can be found to represent you. Accordingly, you should not forego seeking other counsel to represent you in this proceeding. By signing your name below, you are authorizing the Pro Bono Committee to transmit publicly available facts and information about your case, including parties and background, through selected Internet sites and a Listserv to its pool of volunteer appellate attorneys.**

1. Do you want this case to be considered for inclusion in the Pro Bono Pilot Program?

Yes ☐    No ☑

If you answered "Yes" to Question V.1, then please answer the following questions.

2. Do you authorize the Pro Bono Committee to contact your trial counsel of record in this matter to answer questions the committee may have regarding the appeal? Please note that any such conversations would be maintained as confidential by the Pro Bono Committee and the information used solely for the purposes of considering the case for inclusion in the Pro Bono Program.

Yes ☐    No ☐

3. If you have not previously filed an affidavit of indigency and attached a file-stamped copy of that affidavit, does your income exceed 200% of the U.S. Department of Health and Human Services Federal Poverty Guidelines? These guidelines can be found in the *Pro Bono Program Pamphlet* as well as on the Internet at http://aspe.hhs.gov/poverty/06poverty.shtml.

Yes ☐    No ☐

4. Are you willing to disclose your financial circumstances to the Pro Bono Committee? If so, please attach an Affidavit of Indigency completed and executed by the appellee. Forms may be found in the Clerk's Office or on the Internet at http://www.tex-app.org and http://www.hba.org/folder-sections/sec-appellate.htm. Your participation in the Pro Bono Pilot Program may be conditioned upon your execution of an affidavit under oath as to your financial circumstances.

Yes ☐    No ☐

5. Give a brief description of the issues to be raised on appeal, the relief sought,

082995\004\4277623.v1

and the applicable standard of review, if known (without prejudice to the right to raise additional issues or request additional relief; use a separate attachment, if necessary).

**Appellee does not seek review of the district court's rulings. To the best of Appellee's knowledge, Appellant will challenge the sufficiency of the evidence to support the jury's verdict.**

## VI.    Alternative Dispute Resolution/Mediation (if applicable)

Instructions: This information will be used in conjunction with the Rule 32.1 docketing statement to evaluate your case for possible referral to an alternative dispute resolution procedure. *See* TEX. R. APP. P. 32.1. The court will not consider your answers if the case is submitted on the merits. Each party (except where noted) must complete and file a completed docketing form in the Court of Appeals after the appeal is perfected.

Check Y for yes or N for no. Fill in all blanks or check appropriate boxes.

1.    Should this case be referred to mediation? Yes ☐    No ☑ (use additional sheets if necessary)

If no, why?

**This case was mediated prior to trial. During that mediation, Appellant failed to make a legitimate settlement offer. After the entry of judgment against Appellant, Appellant indicated it would make a settlement offer to allow assessment of whether mediation might be productive, but Appellant has failed to do so. Appellee's judgment totals nearly $5 million, but Appellant has posted a supersedeas bond totaling only $441,955. Appellee believes that mediation would only delay and jeopardize Appellant's ability to recover on its judgment.**

(The court makes the final decision regarding referral of a case to mediation)

2.    Has this case been through an ADR procedure in the trial court? Yes ☑    No ☐

If you answered yes:

a.    Who was the mediator? **Nancy Houston**

b.    What type of ADR procedure? **Mediation**

c.    At what stage did the case go through ADR?

| ☑pre-trial | trial | post-trial | other _____ |

---

3.     Rate the case for complexity.  Use 1 for the least complex and 5 for the most complex.  Check one:

1 ☑   2 ☐   3 ☐   4 ☐   5 ☐

**The issues on appeal are not complex.**

---

## VII.  Signature:

_____     Date:  December 15, 2015

Signature of counsel           State Bar No.:  _24065578_____

Printed Name:  Amanda Kurz Smith

Address:     Galloway, Johnson, Tompkins, Burr & Smith
             1301 McKinney Street, Suite 1400
             Houston, Texas 77010

Email Address:  asmith@gallowayjohnson.com

Telephone Number:  (713) 599-0700

Facsimile Number:  (713) 599-0777

Representing:  Appellee Lindstrom Cleaning & Construction, Inc.